BERZON, Circuit Judge,
dissenting:
I respectfully dissent from the majority’s decision. The ALJ based his decision to deny petitioner De Guzman’s disability benefits on making an adverse credibility determination and rejecting a treating source’s medical opinion. The ALJ’s reasoning, however, is not supported by substantial evidence in the record. I would reverse and remand for calculation of disability benefits.
1. An ALJ may look to a claimant’s daily activities as a factor in evaluating her credibility. Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir.1996). At the same, “[t]he Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits.” Fair v. Bowen, 885 F.2d 597, 603 (9th Cir.1989). Furthermore, that “[sjymptoms ... may worsen or improve with time, ... may explain why the individual does not always allege the same intensity, persistence, or functional effects of his or her symptoms.” Soc. Sec. Rui. 96-7p. So the ALJ must examine the record to determine whether there are explanations for variations in the claimant’s descriptions of his or her symptoms. Id.
Here, the ALJ deemed De Guzman not credible because he found that she had contradicted herself in her descriptions of her daily activities, particularly when De Guzman had said that she “stays in bed all day because of pain.” He contrasted that statement with her alleged ability to clean, read, watch television, visit family and friends, and take public transportation. These statements, however, were separated by months, during which De Guzman described her pain as “lately ... getting worse”; lost her job because of illness; and was described by her aunt and friend as “not the same as before.” It was unreasonable for the ALJ not to have taken account of De Guzman’s changing condition at the times she described her daily activities.
The ALJ also deemed De Guzman not credible because he found that her reported activities were inconsistent with her alleged functional limitations. Most of the activities she described — reading, watching television, visiting friends and family, and riding on public transportation — were “so undemanding that they cannot be said to bear a meaningful relationship to the activities of the workplace,” and therefore were not a proper basis for discrediting De Guzman. See Orn v. Astrue, 495 F.3d 625, 639 (9th Cir.2007). Her other activities, such as occasional cooking and cleaning for up to an hour, also do not transfer to the workplace, because of her frequent need for rest periods. Moreover, “disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations.” Reddick v. Chater, 157 F.3d 715, 722 (9th Cir.1998). Thus, the ALJ erred when he found De Guzman’s statements about her daily activities inconsistent.
The ALJ also deemed De Guzman not credible in part because he found that her symptom testimony was not corroborated by medical evidence. Most troubling is the ALJ’s conclusion that “the claimant’s *210 insistence on using a walker and a cane is based on her own subjective complaints. I do not find that the claimant had a severe knee impairment.”
The record as a whole supports De Guzman’s need for a cane and a walker in order to prevent falling when walking more than a short distance. Dr. Sohail Mirza prescribed De Guzman a cane in 2004 because she had been falling frequently on account of her myelopathy. Yet even after De Guzman’s surgery, Dr. Mir-za, Dr. Meridale Vaught, attending physician Dr. Joseph Merrill, Dr. Lisa Chew, and physician assistant Patrick Dalessio all recommended that De Guzman continue using a cane and walker in order to prevent falling. Even though the physicians could not determine the etiology of De Guzman’s falls, they nonetheless prescribed the cane and walker. Further, PA Dalessio noted in 2005 that De Guzman “still display[ed] some signs of myelopa-thy.” The ALJ unreasonably substituted his opinion for those of many of De Guzman’s treating and examining physicians.
As the vocational expert testified in the second hearing before the ALJ, the need to use a cane or walker alone would prevent De Guzman from engaging in her past relevant work, requiring a finding of disability. See 20 C.F.R. Pt. 404, Subpt. P, App. 2, §§ 201.04, 202.04 (defining as disabled those of advanced age with limited education who are unable to return to their previous work). De Guzman’s need for a cane and walker alone is sufficient to establish her disability.
2. The ALJ further erred when he rejected the medical opinion of De Guzman’s treating physician, Dr. Sohail Mirza.
Dr. Mirza, the treating physician who performed cervical surgery on De Guzman in May 2004, wrote on October 2004 in a follow-up that De Guzman would be unable to work for one year after surgery with “permanent limits afterward” and would have “permanent limits on bending, lifting, carrying.” Thus, the petitioner’s regularly treating physician handwrote the phrase “permanent limits” twice on a form that did not require or even suggest that locution. Dr. Mirza’s opinion was brief but emphatic. It is true that even De Guzman described her surgery as largely successful and her remaining pain significantly reduced. But, as physician assistant Patrick Dalessio noted in June 2005, she “still displays some signs of myelopathy.” There is nothing contradictory about being subject to “permanent limits” and “progressing well” after surgery.
Dr. Mirza’s opinion here was consistent with her other medical findings in the course of her treatment of De Guzman. See Orn, 495 F.3d at 634 (“Consistency does not require similarity in findings over time despite a claimant’s evolving medical status.”). The permanent limits that Dr. Mirza described accord with De Guzman’s testimony and other medical records showing an ability to perform some daily activities but not a full day of work. The limits are illustrated by De Guzman’s stated need and repeated prescription for a cane and walker. Because the ALJ should not have rejected De Guzman’s testimony, and because the ALJ should have accepted Dr. Mirza’s opinion, a finding of disability is warranted.